IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEWIS BARROW, | ) | |
| #240 955, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-656-TMH |
| | ) | [WO] |
| ALABAMA STATE TROOPER - | ) | |
| ANTHONY G. ELLIS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate proceeding *pro se*, files this 42 U.S.C. § 1983 action against Alabama State Trooper Anthony Ellis, Pike County Circuit Clerk Jamie Scarbrough, and Pike County District Attorneys Gary McAliley and Tom Anderson. Plaintiff asserts violations of his Fourth Amendment right to be free from unlawful arrest and imprisonment stemming from charges arising out of a car accident which resulted in the death of his wife as well as injuries to the driver of another vehicle involved in the accident. Plaintiff maintains that no probable cause existed to issue warrants for his arrest on charges arising from the automobile accident. Plaintiff requests damages for pain and suffering, defamation of character, and malicious prosecution.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against Defendants Scarbrough, McAliley, and Anderson prior to service of

process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. Defendant Scarbrough*

Pike County Circuit Court Clerk Jamie Scarbrough is a named defendant. Plaintiff alleges that Defendant Scarbrough lacked probable cause to issue warrants for his arrest in connection with a car accident which occurred on December 10, 2010 which resulted in the death of Plaintiff's wife. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because he is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Here, Plaintiff fails to show that Defendant Scarbrough acted outside his authority in issuing the arrest warrants in question. In light of the foregoing, the court concludes that this claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(1989).

*B. Defendants McAliley and Anderson*

Plaintiff names District Attorneys Gary McAliley and Tom Anderson as defendants. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

In their role as "as an 'advocate' for the state," Defendants McAliley's and Anderson's actions are "intimately associated with the judicial phase of the criminal

process." *Mastroianni*, 60 F.3d at 676. (citations omitted). They, are, therefore, "entitled to absolute immunity for that conduct." *Id*.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his complaint. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case not only to the highest state court with jurisdiction to hear the claim but also to the United States Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court. *See* 28 U.S.C. § 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief in this case against Defendants McAliley and Anderson.

*C. The Pending Charge*

To the extent Plaintiff seeks to challenge the validity of criminal charges which remain pending against him before the state courts of Pike County, Alabama, such claims may not proceed. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending

state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.*, 401 U.S. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). That is, Plaintiff may pursue his constitutional challenges, including his speedy trial claim, in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement on the charges currently pending against him. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Plaintiff's challenge to the state criminal charges pending against him is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Scarbrough, McAliley, and Anderson be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Defendants Scarbrough, McAliley, and Anderson be DISMISSED as parties to the complaint;

3. Plaintiff's challenges to the constitutionality of his pending criminal charges be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

4. This case with respect to Plaintiff's complaint against Defendant Ellis be referred back to the undersigned for further proceedings.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **October 18, 2012**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2012.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE